RECEIVED
2017 MAR 31 P 7: 51

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MICHAEL BARRETT,

    PLAINTIFF,

V.

KOAM, LLC
& LYONS HR,

    DEFENDANTS.

CIVIL ACTION NO.
3:17-cv-196

JURY TRIAL DEMANDED

**COMPLAINT**

I.    **JURISDICTION**

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e *et seq*. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, *et seq*. (Title VII). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII providing for injunctive and other relief prohibiting race and/or national origin discrimination.

2.    Plaintiff timely filed his Charges of Discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last

1

discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).[1]

## II. PARTIES

3. Plaintiff, Michael Barrett, (hereinafter "Plaintiff") is a citizen of the United States, and a resident of Opelika, Lee County, Alabama. Plaintiff was formerly employed by Defendant.

4. Defendant, Koam, LLC. (hereinafter "Defendant") is registered and doing business in the State of Alabama and is an entity subject to suit under Title VII. Defendant employs at least fifteen (15) persons.

5. Defendant, Lyons HR. (hereinafter "Defendant") is registered and doing business in the State of Alabama and is an entity subject to suit under Title VII. Defendant employs at least fifteen (15) persons.

## III. STATEMENT OF THE FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6. Defendants hired Plaintiff on or about October 9, 2015.

7. Defendant Lyons HR assigned Plaintiff to work at Defendant Koam LLC's plaint located in Lee County, Alabama.

8. Defendants employed Plaintiff at Koam, LLC's factory located at

---

[1] Plaintiff will supplement with copies of Notices of Right to Sue.

2

2401 Industrial Boulevard, Opelika, AL 36801.

9.  At all times while employed with Defendant, Plaintiff performed his job duties in a competent or better manner.

10. Defendant terminated Plaintiff on March 25, 2016.

11. Upon information and belief, shortly after Defendants terminated Plaintiff's employment, Defendants placed a Hispanic male in Plaintiff's former position.

## IV.  COUNT ONE – Title VII – Race and/or National Origin - Termination.

12. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 11 above.

13. Plaintiff is a Caucasian male

14. On March 25, 2016, a Lyons' employee telephoned Plaintiff and stated, "Unfortunately, Jason Hood has stated that your assignment has ended."

15. Plaintiff asked what her did wrong in order to be let go.

16. The HR Lyons employee stated, "He said it wasn't anything that you did, there was not anything for you to do anymore at this time."

17. The Lyons HR employee informed Plaintiff that Hood sent an email and Plaintiff asked her approximately what time she sent the email.

18. The Lyons HR employee asked if Hood had spoken to Plaintiff at any time during the day and he replied, "No."

19. The Lyons HR employee then asked Plaintiff if he had seen Mr. Hood any time during the day.

20. Plaintiff told her "yes" and that he was working on the floor.

21. The Lyons HR employee then asked if Hood had said anything to him while he was working.

22. Plaintiff replied that he had not because he was dealing with a production issue related to the company's water jet.

23. The Lyons HR employee then asked Plaintiff to come to the office on Monday or Tuesday so they could try to put him back to work within the next few weeks.

24. During Plaintiff's employment with Defendant Koam, LLC, non-Hispanic job applicants who came to the business were told to go to Lyons HR.

25. However, Defendant immediately hired Hispanic employees and put them on the company payroll and paid them more per hour than they did the non-Hispanic temporary employees.

26. Plaintiff's termination and/or layoff came as a shock to him.

27. Plaintiff was expecting to be approved for full time employment and placed on Defendant Koam LLC's payroll in approximately one month.

28. Defendant Koam LLC's Vice-President told Plaintiff about this change from temporary to permanent-hire status.

29. However, Defendant's Koam LLC's plant manager ended Plaintiff's assignment and he never gave any legitimate reason as to why Defendant terminated Plaintiff's employment.

30. Defendant engages in a pattern and practice of hiring Hispanic individuals directly into the company for higher wages and does not hire non-Hispanic individuals immediately into the company and requires them to work at a lower wage and through the use of a temporary agency.

31. Defendant's actions in terminating Plaintiff and replacing him with a Hispanic worker was a violation of Title VII.

32. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## V. COUNT TWO – Race – 42 U.S.C. § 1981

33. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 32 above.

34. Plaintiff is a Caucasian male.

35. On March 25, 2016, a Lyons' employee telephoned Plaintiff and stated, "Unfortunately, Jason Hood has stated that your assignment has ended."

36. Plaintiff asked what her did wrong in order to be let go.

37. The Lyons HR employee stated, "He said it wasn't anything that you did, there was not anything for you to do anymore at this time."

38. The Lyon HR employee informed Plaintiff that Hood sent an email and Plaintiff asked her approximately what time she sent the email.

39. The Lyons HR employee asked if Hood had spoken to Plaintiff at any time during the day and he replied, "No."

40. The Lyons HR employee then asked Plaintiff if he had seen Mr. Hood any time during the day.

41. Plaintiff told her "yes" and that he was working on the floor.

42. The Lyons HR employee then asked if Hood had said anything to him while he was working.

43. Plaintiff replied that he had not because he was dealing with a production issue related to the company's water jet.

44. The HR Lyons' employee then asked Plaintiff to come to the office on Monday or Tuesday so they could try to put him back to work within the next few weeks.

45. During Plaintiff's employment with Defendant Koam, LLC, non-Hispanic job applicants who came to the business were told to go to Lyons HR.

46. However, Defendant immediately hired Hispanic employees and put them on the company payroll and paid them more per hour than they did the non-Hispanic temporary employees.

47. Plaintiff's termination and/or layoff came as a shock to him.

48. Plaintiff was expecting to be approved for full time employment and placed on Defendant Koam LLC's payroll in approximately one month.

49. Defendant Koam LLC's Vice-President told Plaintiff about this change from temporary to permanent-hire status.

50. However, Defendant's Koam LLC's plant manager ended Plaintiff's assignment and he never gave any legitimate reason as to why Defendant terminated Plaintiff's employment.

51. Defendant engages in a pattern and practice of hiring Hispanic individuals directly into the company for higher wages and does not hire non-Hispanic individuals immediately into the company and requires them to work at a lower wage and through the use of a temporary agency.

52. Defendant's actions in terminating Plaintiff and replacing him with a Hispanic worker was a violation of 42 U.S.C. § 1981.

53. As a result of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII, and pendent state claims.

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant's request from continuing to violate Title VII and 42 U.S.C. § 1981.

C. Enter an Order requiring Defendant to make Plaintiff whole by awarding her front-pay, back pay (plus interest) compensatory damages, punitive damages, special damages, and/or nominal damages, injunctive and declaratory relief, and benefits.

D. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

_____
ALLEN D. ARNOLD

_____
KIRA FONTENEAU

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 110
Birmingham, Alabama 35205
(205) 252-1550 – Office
(205) 502-4476 – Facsimile

8

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

DEFENDANTS' ADDRESSES:
Koam LLC
c/o In B Kim
2401 Industrial Boulevard
Opelika, AL 36801

Lyons HR
c/o Any Officer or Agent
112 Court Street
Gadsden, AL 35901